IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 4:15CR3093 |
| ANGEL F. GARCIA, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, Angel F. Garcia, and F. Matthew Aerni, counsel for defendant, as follows:

I

## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2252A(a)(2), receipt and distribution of child pornography. Defendant further admits the forfeiture allegation(s) as set forth in the Indictment.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Count II at the time of sentencing.

II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

The crime of receipt and distribution of child pornography, as charged in Count I of the Indictment, has three elements, which are:

1

1. That on or about dates set forth in the Indictment; the defendant knowingly received and distributed one or more items that were visual depiction(s) of child pornography;

2. That the defendant knew that the visual depiction(s) were of minors engaged in sexually explicit conduct; and

3. That the material containing the visual depiction(s) had been mailed, shipped, or transported by any means and facility of interstate or foreign commerce, including, by computer.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

On March 10, 2015, while reviewing data for Peer-to-Peer investigations, law enforcement officers of the North Platte Police Department observed an IP address making known child pornography files available for sharing. Further investigation determined the IP address was registered to Charter Communications, and internet service provided and a means and facility of interstate and foreign commerce. The subscriber was later identified as the defendant at a residence on West 9th Street, North Platte, Lincoln County, Nebraska. On approximately March 23, 2015, officers again made a direct connection with this same IP address and downloaded approximately 24 digital video files. Officers viewed all 24 files, 16 of which clearly depict minors engaged in sexually explicit conduct, as well as prepubescent minors or persons who had not yet attained 12 years of age engaging in such conduct.

On April 6, 2015, a search warrant was executed on defendant's residence in North Platte. Officers performed an on-scene preview of a computer located in defendant's bedroom, which revealed multiple child pornography images and videos. Garcia admitted to officers that he had in fact downloaded and viewed child pornography from the internet. Seized from the location were more than 30 different media items, listed in the Forfeiture Allegation. Forensic examinations were completed on many of the seized media items. Search terms consistent with child pornography were found along with several hundred videos and at least 9,615 images of child pornography were found on the computer equipment. Several of the videos and digital images were determined to be of known minor victims located outside the District of Nebraska.

2

The images included videos and digital images that had been received and distributed between on or about March 8, 2015, and April 6, 2015.

## III
## PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.  A maximum 20 years in prison; and a mandatory minimum of 5 years;
2.  A maximum $~~250.00~~ 250,000 SA fine; PMA
3.  A mandatory special assessment of $100 per count; and
4.  A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5.  Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS.

1.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 70 months. This agreement is based on the defendant's role in the offense, criminal history, acceptance of responsibility, and an assessment of the factors set forth in United States v. Abraham, 944 F.Supp.2d 723 (D. Neb. 2013) All other sentencing considerations, including but not limited to, the length and terms of supervised release, is left to the discretion of the Court.

2. The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

Any minor victims of the Defendant's criminal activity as determined by the Court.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will **not** recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was**

4

**convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this

agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to

prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

3-31-16
Date

STEVEN A RUSSELL
ASSISTANT U.S. ATTORNEY

3-31-16
Date

ANGEL F. GARCIA
DEFENDANT

3-31-16
Date

F. MATT AERNI
COUNSEL FOR DEFENDANT

8