IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15CR3093 |
| vs. | |
| ANGEL F. GARCIA, | MEMORANDUM AND ORDER |
| Defendant. | |

I deny the motion for compassionate relief for this defendant who has been convicted of child pornography, and sentenced pursuant to a much reduced time in prison pursuant to a Rule 11(c)(1)(C) plea agreement, after considering the entire court file including the medical records and the report from the United States Probation Officer. The defendant will be out soon, and there are no particularly bad problems of COVID-19 where he resides. He does have medical problems, but they are controlled.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The statute reads in pertinent part:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

> the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

After considering the factors enumerated in 18 U.S.C. § 3553(a), I may grant the motion if extraordinary and compelling reasons warrant the reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* In so doing, I find it helpful to consult, but not be bound by, U.S.S.G § 1B1.13 inasmuch as that policy statement was not amended after the adoption of 18 U.S.C. § 3582(c)(1)(A).

I now find and conclude that Garcia's sentence should not be reduced even if I assume his age and physical condition constitute extraordinary and compelling circumstances under the statute or the policy statement. *See*, *e.g.*, *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (affirming denial of compassionate release motion; stating: "In other words, the district court assumed that Rodd's health and family concerns constituted extraordinary and compelling reasons for compassionate release. Therefore, we need only determine 'whether the district court

abused its discretion in determining that the § 3553(a) factors weigh against granting [Rodd's] immediate release.'" (citation omitted)). *See also United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020) (affirming denial of compassionate release motion and noting that: "An application note [to U.S.S.G. § 1B1.13] acknowledges that the district court is 'in a unique position to determine whether the circumstances warrant a reduction,' after considering the factors set forth in 18 U.S.C. § 3553(a) and the circumstances listed in the policy statement. Id., comment. (n.4).").

IT IS ORDERED that the motion for compassionate release (filing 65) is denied.

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge